PATTERSON, Judge,
dissenting.
I respectfully dissent. William Danco was the controller for subsidiaries of Florida Progress Corporation. Kathleen Danco, his wife, was the assistant controller. From 1985 to 1989, Mrs. Danco embezzled $1,764,-281.31 from Florida Progress’ subsidiaries using an elaborate system of altering checks. She spent the money by providing a lavish life-style for her family, including Mr. Danco.
On April 9, 1990, the state charged both Dancos with four counts of second-degree grand theft and 248 counts of third-degree grand theft. When the thefts were first discovered, Mrs. Danco admitted her guilt and exonerated her husband. Mr. Danco denied any knowledge that his wife was stealing and said that he believed her when she said she had inherited the money. Both were tried by jury and found guilty.
At trial, the state produced no direct evidence to incriminate Mr. Danco. Instead it relied on a circumstantial theory that because he was the controller of the company he must have known what was transpiring.
To bolster the anemic case, the state requested and received a jury instruction on the theory of “willful blindness.” I consider it reversible error to have denied Danco’s motion for judgment of acquittal in the first instance and then in the giving of the “willful blindness” instruction. That instruction, which has been approved in drug possession cases, is totally inappropriate in a prosecution spanning 252 separate and distinct criminal events. Although a jury might surmise that Danco probably knew or should have known of his wife’s activities, the state proved no more than negligence on his part. This conclusion is supported by the fact that a nationally-known accounting film failed to uncover Mrs. Danco’s thefts in their annual audits of the company. I would therefore reverse and direct that Danco be discharged.